UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRIS MONROE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16354** |
| **DARREL VANNOY, WARDEN** | **SECTION: "H"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.

### Procedural History

Petitioner, Jarris Monroe, is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In 2013, he pleaded guilty as charged to first-degree murder and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He did not directly appeal from the judgment of conviction or sentence, even though his federal application indicates that he filed two "appeals," identified as 2016-KW-0326 and 2016-KW-0750, with the Louisiana First Circuit Court of Appeal. He references the attached rulings submitted with his federal application. A review of those

rulings shows that he filed only supervisory writ applications with the Louisiana First Circuit Court of Appeal. On May 2, 2016, his first writ application (2016-KW-0326) was denied because he failed to state the relief sought or include the lower court ruling that he challenged.[1] On July 29, 2016, the Louisiana First Circuit denied his second writ application (2016-KW-0750) without stated reasons. Monroe is under the mistaken impression perhaps that he pursued relief in the Louisiana Supreme Court. Although his supervisory writ application No. 2016-KW-0326, filed with the Louisiana First Circuit, is captioned for the Louisiana Supreme Court and includes a "Louisiana Supreme Court Writ Application Filing Sheet," it apparently was never filed with the Louisiana Supreme Court. Although his federal application represents that he sought further review by the Louisiana Supreme Court, that statement cannot be verified and, in fact, proved false based on this Court's independent research. A Westlaw search revealed no writ decisions issued by the Louisiana Supreme Court. And a phone call from the undersigned's staff to the Clerk's Office of the Louisiana Supreme Court confirmed that Monroe had not filed a writ application with that court. Monroe also concedes in his federal application that he has no petition or appeal now pending.[2]

---

[1] His federal application includes a copy of Writ Application No. 2016-KW-0326, in which he asserted that he was denied effective assistance of counsel, his conviction was illegal because he was not the shooter, there was insufficient evidence to support his conviction and his guilty plea was not knowing or voluntary. He does not attach a copy of the writ application he filed in No. 2016-KW-0750. He also does not indicate that he ever filed a post-conviction relief application with the state district court.

[2] Rec. Doc. 5-1, p. 12 (Question No. 15).

In November 2016, he submitted the instant federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk's Office notified him of several deficiencies in his application and accompanying motion to proceed *in forma pauperis*. Once corrected, the pauper motion was denied because he had sufficient funds in his inmate account to pay the filing fee. In June 2017, he filed a motion to reconsider his request to proceed as a pauper, which was again denied because his submission showed that he had sufficient funds to pay the filing fee. He recently paid the filing fee and the matter was reopened. His federal application for relief asserts a claim of ineffective assistance of counsel and references the attached documents submitted with his application. He did not submit a memorandum in support.

Upon preliminary review and examination, it is plain from the petition and attached exhibits that the petitioner is not entitled to relief in the district court. Rule 4, Rules Governing Section 2254 Cases. Accordingly, the State has not been ordered to provide a response. For the following reasons, the Court finds that the federal application is subject to dismissal without prejudice for failure to exhaust state-court remedies.

**Analysis**

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts. *See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). As the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the state courts.' " *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, in order to exhaust fully, the substance of the federal habeas claim must be fairly presented to the State's highest court. *See Whitehead v. Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). In Louisiana, the highest state court is the Supreme Court of Louisiana. *See* La. Const. art. V, § 5(A).

Upon thorough review, it is clear that Monroe has not sought relief in the Louisiana Supreme Court. He has not given the state courts the opportunity to review the claims included in his federal application for relief. He therefore has not exhausted his state-court remedies as required by federal law, and his claims should be dismissed without prejudice.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Monroe's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[3]

New Orleans, Louisiana, this 11th day of June, 2018.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

5